IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES BOFINGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-67 (CDL) |
| | : | 42 U.S.C. § 1983 |
| TONY WASHINGTON, Warden, | : | |
| and BOARD OF PARDONS AND | : | |
| PAROLES, | : | |
| Defendants. | : | |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff, James Bofinger, presently an inmate at the Rutledge State Prison in Columbus, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is

held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Plaintiff's Complaint

Plaintiff JAMES G. BOFINGER pled guilty on November 14, 1968, to one count of murder and once count of larceny of a motor vehicle. He received a life sentence plus five years for those crimes. Plaintiff was paroled in February of 1997 but absconded from supervision and was re-arrested in May of 1998. His parole was thereafter denied in 1998, and again in 2006. Plaintiff's complaint reveals that he is seeking a declaratory judgment prior to his next parole hearing, which is scheduled for November 2010. (Doc. 1, p. 4). Plaintiff argues that the Defendants have continually applied new laws, policies and rules retroactively when they consider his re-parole eligibility and suitability, which he claims is violative of *ex post facto* principles. *Id.*

## Preliminary Review

Plaintiff's above styled Complaint filed under 42 U.S.C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis*

complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978).

## DISCUSSION

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). In a factually similar

3

but unreported case, the United States Court of Appeals for the Eleventh Circuit held that:

> " 'Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.' " *Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir.2003) (citation omitted). Georgia's statute of limitations for personal injury actions, and, thus, the statute of limitations for a § 1983 claim arising out of events occurring in that state, is two years. *Id.*
>
> "Federal law determines when the statute of limitations begins to run." *Lovett,* 327 F.3d at 1182. The statute of limitations ordinarily " 'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Id.* (citation omitted).
>
> " 'The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.' " *Lovett,* 327 F.3d at 1183 (citation omitted).
>
> In *Lovett,* we addressed a similar claim that the Georgia Board of Pardons and Paroles's decision to delay an inmate's parole hearing, pursuant to a newly implemented Board policy, constituted a continuing violation of his constitutional rights against *Ex Post Facto* laws. *Id.* We ultimately concluded that the decision not to consider an inmate for parole again until 2006 "was a one time act with continued consequences, and the limitations period is not extended." *Id.*
>
> Following *Lovett,* we determined that an inmate could not rely on the continuing violation doctrine to save his *ex post facto* claim, where he had been notified in 1995 of a new Board policy allowing a parole reconsideration set-off for up to eight years, but had waited until 2002 to file his lawsuit, even though the Board had denied him parole as recently as 2001. *See Brown,* 335 F.3d at 1261.
>
> We also rejected the argument that each setting of a parole hearing constituted a distinct and separate injury, holding: Each time Brown's parole reconsideration hearing is set, it does not amount to a distinct and separate injury. *See, e.g., Smith v. Grubbs,* 42 Fed.Appx. 370, 371 (10th Cir.2002) (unpublished). Rather, Brown's injury, to the extent it ever existed, was when the Georgia Parole Board applied its new policy, eliminating the requirement of parole review every three years for Brown, retroactively. *It is the decision in 1995 that forms a potential basis for Brown's claim. It was also at this point that Brown could have discovered the factual predicate of his claim.* The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations. *Id.* at 1261-62 (emphasis added).

*Taylor v. Nix,* 240 Fed. Appx. 830 (Ga. 2007).

Plaintiff Bofinger alleges that the acts in question, namely that "new laws, policies, rules

4

and statutory amendments have been applied against him since [his parole was revoked on May 22, 1998]," when he was denied re-parole September 29, 1998 and December 6, 2006. (Doc. 1-1, p. 2). Thus, the two year period for the statute of limitations began to run, at the absolute latest, on December 7, 2006, and ended on December 6, 2008. Plaintiff filed his complaint on June 23, 2010, over two years and seven months after the statute of limitations expired. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations. The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2) as frivolous for Plaintiff's failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 30th day of June, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw